

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-26-2002

# USA v. Shabazz

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-4515

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Shabazz" (2002). *2002 Decisions.* Paper 449.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/449

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 01-4515


UNITED STATES OF AMERICA

v.

TROY SHABAZZ,
a/k/a "TROY ROBINSON,"

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Criminal No. 01-cr-00247
(Honorable Eduardo C. Robreno)


Submitted Pursuant to Third Circuit LAR 34.1(a)
July 15, 2002

Before:  SCIRICA, ALITO and FUENTES, Circuit Judges

(Filed: July 26, 2002)


OPINION OF THE COURT


SCIRICA, Circuit Judge.

On July 16, 2001, Troy Robinson pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. 922(g)(1).  Robinson was placed in a sentencing range of 46 to 57 months' imprisonment under the Sentencing Guidelines. Robinson moved for a downward departure based on a family hardship pursuant to U.S.S.G. 5H1.6 (Family Ties and Responsibilities, and Community Ties).  The District Court denied Robinson's motion and sentenced him to 51 months in prison, a $1,000 fine and a $100 special assessment.  We will dismiss the appeal for lack of jurisdiction.

I.

On appeal, Robinson contends that the District Court did not consider his family hardship when imposing sentence.  He suggests we exercise plenary review.

We disagree.  If a district court imposes a sentence in violation of law, or misapplies the Sentencing Guidelines, we exercise plenary review.  See United States v. Spiropoulos, 976 F.2d 155, 160 n.2 (3d Cir. 1992). But if a district court acknowledges its authority to depart and decides not to do so, we lack appellate jurisdiction.  See United States v. McQuilkin, 97 F.3d 723, 729 (3d Cir. 1996); United States v. Denardi,

892 F.2d 269, 272 (3d Cir. 1989).  In this case, the District Court expressly acknowledged it had the power to depart from the Guidelines, but determined Robinson's family hardship did not warrant departure.  Thus,  we lack jurisdiction over this matter under 18 U.S.C.   3742.  Denardi, 892 F.2d at 271-72.

                                  II.
     For the foregoing reasons, we will dismiss the appeal for lack of jurisdiction.

TO THE CLERK:

        Please file the foregoing opinion.




                         /s/ Anthony J. Scirica
                             Circuit Judge

            UNITED STATES COURT OF APPEALS
              FOR THE THIRD CIRCUIT


                    _____

                    No. 01-4515
                    _____


            UNITED STATES OF AMERICA

                        v.

              TROY SHABAZZ,
            a/k/a "TROY ROBINSON,"
                                Appellant


     _____

     On Appeal from the United States District Court
         for the Eastern District of Pennsylvania
              D.C. Criminal No. 01-cr-00247
              (Honorable Eduardo C. Robreno)
              _____



        Submitted Pursuant to Third Circuit LAR 34.1(a)
                    July 15, 2002

     Before:  SCIRICA, ALITO and FUENTES, Circuit Judges


                        JUDGMENT

        This cause came to be considered on the record from the United States District Court for the Eastern District of Pennsylvania and was submitted pursuant to Third Circuit LAR 34.1(a) on July 15, 2002.  On consideration whereof, it is now hereby
        ORDERED and ADJUDGED by this Court that the appeal of the judgment of the District Court entered December 20, 2001, be, and the same is hereby dismissed for lack of jurisdiction.  All of the above in accordance with the opinion of this Court.


                        ATTEST:

Acting Clerk

DATED: 26 July 2002